

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2009

# USA v. Mero

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4634

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Mero" (2009). *2009 Decisions.* Paper 1789.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1789

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4634

UNITED STATES OF AMERICA

v.

JAMES MERO

Appellant.

On Appeal of a Decision of the United States District Court
for the District of New Jersey (Crim. No. 00-216)
District Judge: Jerome B. Simandle

Submitted under Third Circuit L.A.R. 34.1(a)
January 13, 2009

Before: SLOVITER and BARRY, *Circuit Judges*,
and POLLAK, *District Judge*.[*]

Filed: March 3, 2009

OPINION

---

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*

I.

James Mero is a persistent, but unsuccessful, criminal. Beginning in the mid-1980s, when Mero was in his twenties, and continuing with negligible periods of abatement, he has committed, and been convicted of, a host of offenses — forgery, burglary, escape, grand larceny, theft, and fraud, to name but a few. In October 2000, at the age of forty-three, Mero was convicted on federal credit-card fraud charges and sentenced to forty-eight months of imprisonment and three years of supervised release.

Mero was released from prison in September 2003 and thereupon commenced his three years of supervised release. This set the stage for his current difficulties.

In November 2003, two months after release from prison, Mero embarked on an extensive auto-loan scam out of a car dealership in Atlantic City. Local law enforcement officers arrested Mero in March 2004, and he admitted to involvement in the loan frauds. While in custody, Mero committed a further identity theft against one of his auto-loan victims, stealing more than $16,000 from that individual's checking account.

In December 2005, the United States charged Mero with bank fraud for his role in the Atlantic City car scheme. Mero and the government discussed a plea agreement for his cooperation against his confederates at the auto dealership, but Mero eventually refused to participate, opting instead to plead guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. The District Court sentenced Mero to fifty-seven months for the wire fraud conviction. The District Court then sentenced Mero to a consecutive term of

2.

twenty-four months for violating the terms of his supervised release.[1]

Mero challenges, as unreasonable under 18 U.S.C. § 3553(a), the District Court's determination that the twenty-four month sentence for violation of supervised release should be consecutive to, as opposed to concurrent with, the fifty-seven month sentence for wire fraud. Mero has not challenged any other aspect of either sentence. We review the substantive reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

## II.

In the wake of *United States v. Booker*, 543 U.S. 220 (2005), federal district courts must address the Sentencing Guidelines as advisory, and district judges exercise broad discretion in imposing sentences. *United States v. Vampire Nation*, 451 F.3d 189, 196 (3d Cir. 2006). District courts in the Third Circuit are directed to fulfill three requirements to ensure that a sentence is reasonable: first, to consider the defendant's advisory sentencing range under the Guidelines; second, to consider all grounds properly advanced by the parties concerning the sentence, including both requests for departures and variances; and third, to consider fully the broad range of factors included in 18 U.S.C. § 3553(a) as they apply to the particular defendant. *Id*. The same process and expectations apply when a portion of the sentencing concerns a violation of supervised release. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). On appeal, after

---

[1]  Twenty-four months represented the statutory maximum for this violation under 18 U.S.C. § 3583(e)(3).

3.

examining the procedural propriety of the sentencing, we review the totality of the circumstances to determine if the challenged sentence was substantively reasonable. *Gall*, 128 S. Ct. at 597.

18 U.S.C. § 3583(a) permits a district court to impose a term of supervised release on a defendant to follow imprisonment. If a defendant violates the court-imposed provisions of supervised release, § 3583(e)(3) permits the court to revoke supervised release and require the defendant "to serve in prison all or part of the term of supervised release...." When a defendant is convicted of a class C felony, as here, and later violates the term of supervised release for the conviction, a maximum of two years imprisonment can be imposed by the district court for the violation. *Id*.

The Sentencing Guidelines have established a classification system for violations of supervised release and have assigned "Grade B" to the commission of most non-violent, non-drug felonies while on release. U.S. Sentencing Guidelines Manual § 7B1.1(a)(2). Subject to any statutory maximum, the Guidelines suggest a term of imprisonment of 21 - 27 months for a Grade B violation by a defendant like Mero with a Criminal History Category of VI. *Id.* § 7B1.4(a). The Guidelines further advise that:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

*Id*. § 7B1.3(f).

Mero argued to the District Court that, despite the guidance of § 7B1.3(f), it should

4.

impose concurrent sentences for the new wire fraud conviction and his violation of supervised release because his health problems are myriad and rapidly worsening. He contends here that the District Court abused its discretion and made "a clear error of judgment," Appellant's Br. at 4, by following § 7B1.3(f) and imposing consecutive sentences. Mero points to a number of cases in which courts of appeals have upheld sentences when defendants received downward departures for extraordinary medical problems or physical impairments.[2] He suggests that these cases stand for the proposition that defendants with significant physical maladies deserve leniency as a matter of law.

We are unpersuaded by Mero's contention that the District Court abused its discretion and further find that Mero's line of argument regarding health considerations is inapposite to the issue before us. The record demonstrates that the District Court conducted the sentencing correctly. In deciding whether to impose the sentence for violation of supervised release consecutively, the Court considered the arguments of the parties, the Guidelines, and the factors of 18 U.S.C. § 3553(a), and arrived at a substantively reasonable conclusion. The fact that courts of appeals have, on occasion, affirmed district court decisions to grant downward departures to defendants in particularly bad health does not, in any way, suggest that it is an abuse of discretion *not* to

---

[2] Mero discusses one case, *United States v. Watson*, 482 F.3d 269 (3d Cir. 2007), where this court held that a defendant's health problems and shortened life expectancy did not, of themselves, render his sentence unreasonable. *Id*. at 273. Mero says he "is relying on *Watson* not ... for what occurred in the Third Circuit, but for what occurred in the District Court." Appellant's Br. at 11. But it is, of course, this court's decision that is controlling.

5.

grant some form of requested leniency to an ill defendant. Here, the District Court

considered Mero's eroding health as well as his other arguments, but found very

considerable factors warranting the imposition of a consecutive sentence for the violation

of supervised release.[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3] "A consecutive sentence here of 24 months is the appropriate sentence for many reasons. First is the stark recidivism that Mr. Mero demonstrated while committing a new crime while on supervision. Second is the pattern of lies and deceit of Mr. Mero toward his supervising officer. Third is the need to protect society so that Mr. Mero will not return soon to do more damage." Transcript of Sentencing Hearing of November 28, 2007 at 64.